## (December 7, 1973)

■ In the Matter of Josiel Szapiro, Appellant, v. Samuel McNichol, Chairman, et al., Commissioners of the Belgrave Water Pollution Control District, Respondents. — In a proceeding to compel respondents to place petitioner's name on the official ballot as a candidate for the public office of District Commissioner of the respondent district in the election to be held on December 11, 1973, the appeal is from a judgment of the Supreme Court, Nassau County, entered December 5, 1973, which dismissed the petition. Judgment reversed, on the law, without costs; respondents' determination not to place petitioner's name on the ballot annulled; and respondents are directed to place petitioner's name as a candidate for the public office of District Commissioner on the official ballot to be used on the election to be held on December 11, 1973 for said office. The only qualification necessary for the office of District Commissioner in any improvement district is found in section 211 of the Town Law. Insofar as applicable that section reads: "Every person who is qualified to vote for a town officer, shall be eligible to hold the office of district commissioner." The requirement of residency in the improvement district has to do only with the right to vote and has no application to the right to hold office in the special district. The language of the statute is clear. Respondents' remedy, if any, is with the Legislature. Rabin, P. J., Martuscello, Gulotta and Benjamin, JJ., concur.