JOHN BUCKLEY, ESQ. Freeport, N Y
We acknowledge receipt of your letter in which you request an opinion "whether or not an elected Commissioner of" Sanitary District No. 2 in the Town of Hempstead, County of Nassau "may remain a Commissioner for the remainder of his term in spite of the fact that he has moved his residence outside of said Sanitary District, although he remains a resident of the Town of Hempstead, County of Nassau, in which the Sanitary District is located." You also inquire about the applicability of Public Officers Law § 30, subdivision 4-a to the factual situation you described.
From inquiries which we have made it appears that Sanitary District No. 2 in the Town of Hempstead in Nassau County came into existence on July 3, 1928, following appropriate action by the town board of the Town of Hempstead pursuant to authority contained in an enabling act identified as Chapter 516 of the Laws of 1928 which was a special act in relation to the establishment of public improvement districts in towns in Nassau County. We assume that the enabling act has not been amended or if it has been that the amendment does not affect it in relation to your opinion request.
Section 3 of the enabling act provides for election of district commissioners and states that they shall be "resident taxpayers of such district" and that if a vacancy occurs in the office of commissioner of such a district "the town board shall appoint a resident taxpayer of the district to fill such vacancy until the next annual election, at which the vacancy shall be filled for the unexpired term." The term "taxpayer of the district", at the time the enabling act was passed, meant an owner of real property. In recent years, the Courts have consistently declared that provisions that an office holder be a property owner are unconstitutional. See, for instance, Landers v Town of North Hempstead,20 N.Y.2d 417 (1967). The philosophy expressed in such decisions applies in this instance and the requirement that the commissioner be a taxpayer is no longer operative. The enabling act is silent as to continuation of residence during the terms of office so that aspect of qualification must be determined by reference to the Public Officers Law.
Public Officers Law § 30 relates to the creation of vacancies in office; subdivision 1 lists events which vacate an office if they occur during the term thereof and in paragraph d it provides that the office shall be vacant if the officer ceases to be an inhabitant of the political subdivision or municipal corporation of which he is required to be a resident when chosen. Subdivision 4-a of that section provides that no provision of law, wheresoever contained, creating a vacancy in office because of change of residence shall apply "if the incumbent thereof ceases to be a resident of such political subdivisionor municipal corporation" in the case of "a member of the department of sanitation of any municipality who resides in a county within the state contiguous to such municipality." (Emphasis supplied.)
The expressions "political subdivision" and "municipal corporation" contained in the Public Officers Law are not redundancies. The term "municipal corporation" is defined in General Construction Law § 66, subdivision 2, as follows: "2. A `municipal corporation' includes a county, city, town, village and school district." The term "political subdivision" is not defined in the General Construction Law. It is defined in several other statutes, such as Executive Law § 10, subdivision e and § 331, subdivision 3 and General Municipal Law § 60 and § 100, in each case slightly differently and in each case for the purposes of the statute or portion of the statute within which the expression is contained. Those definitions are not of assistance in determining its meaning as it is used in the Public Officers Law. However, the term is found in Election Law § 2, wherein, in subdivisions 1 and 2, it forms a portion of the definition of terms defined in those subdivisions although it is not, in and of itself, defined in that statute. The term is also found in Election Law § 64, relating to creation and alteration of election districts. In spite of the fact that the term "political subdivision" is not defined in the Election Law, the sense of that term as it is used in the Election Law in relation to election of public officers is clear and in our opinion is the sense of that term as it is used in the Public Officers Law; namely, to mean an area from which a public officer is selected.
In our opinion, the term "political subdivision" as used in the Public Officers Law means the area from which an officer is selected and also, in the case of an elective officer, the area in which the people who elect him reside.
In our opinion, the provision of Public Officers Law § 30, subdivision 4-a, by its own terms is confined in its operation to members of the department of sanitation of a municipality; an elected commissioner of Sanitary District No. 2 in the Town of Hempstead in the County of Nassau is a public officer of a political subdivision and not of a municipality; under the provisions of section 3 of chapter 516 of the Laws of 1928, such a commissioner must be a resident of the sanitary district at the time of election; and under the provisions of Public Officers Law § 30, subdivision 1, paragraph d, if the sanitary district commissioner moves from that district to a new residence outside of the district, even though in the same town, the office becomes vacant. The case of Matter of Szapiro v McNichol,43 A.D.2d 701 (1973) might lead to a contrary opinion but that case construed a different statute, Town Law § 211, which was amended in the following year.